IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ADRIAN L. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05-3062 |
| | ) | |
| ODELL WASHINGTON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Adrian Jackson's Request for a Certificate of Appealability (d/e 23). For the reasons set forth below, Jackson's request is denied.

Jackson was convicted of residential burglary and being a felon in possession of a weapon in the Circuit Court of St. Clair County. A state court sentenced Jackson to 15 and 7 year terms of imprisonment, to be served concurrently. Jackson filed the instant habeas case on March 17, 2005, challenging the deprivation of his good time credits. Petition for Writ of Habeas Corpus (d/e 1). This Court dismissed Jackson's Petition for failure to exhaust state court remedies on August 22, 2005. Text Order,

1

<u>August 22, 2005</u>.  Judgement was entered August 23, 2005.  On August 31, 2005, Jackson filed a Notice of Change of Address (d/e 19).  This Court erroneously mailed a notice of the August 23, 2005, Judgment to Jackson's previous address.  The mail was returned as undeliverable and not resent.  Jackson then filed a Motion for Status Hearing (d/e 21), with respect to his Petition, on December 20, 2005.  By Text Order dated December 28, 2005, this Court explained that Jackson's Petition was dismissed for failure to exhaust his state court remedies and denied his request for status hearing.  On January 19, 2006, Jackson filed a Notice of Appeal as to the December 28, 2005, Text Order, which the Court construes as a Notice of Appeal as to the August 23, 2005, Judgment.  Jackson requests a Certificate of Appealability (COA).

The Court treats Jackson's January 19, 2006, Notice of Appeal as timely filed.  Federal Rule of Appellate Procedure 4(a)(6) provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A)   the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days

after entry;

(B)   the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C)   the court finds that no party would be prejudiced.

Turning to the facts of the present case, the Court finds that Jackson did not receive notice under Fed.R.Civ.P. 77(d) of the entry of the Judgment and the denial of his § 2254 Petition within 21 days after entry, because this Court mailed the notice of the August 23, 2005, Judgment to the wrong address.  The Court further finds that the January 19, 2006, Notice of Appeal was filed within 180 days after the Judgment and Order were entered and within 7 days after Jackson received notice of the entry of Judgment.[1]  Finally, the Court finds that no party would be prejudiced by treating the January 19, 2006, Notice of Appeal as timely filed.

Appellate proceedings on collateral review cannot commence without a COA, either from a district court judge or from a judge of the Court of Appeals.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  If a petitioner files

---

[1] It is unclear when Jackson actually received notice of the entry of Judgment. Given Jackson's pro se status, the Court treats his Notice of Appeal as filed within 7 days after he received notice of the entry of Judgment.

a notice of appeal, the district court judge who rendered the judgment must either issue a COA or state why a certificate should not be issued. A court may issue a COA for a decision denying a 28 U.S.C. § 2254 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a COA to be granted, Jackson must show that "reasonable jurists could debate whether the challenges in his habeas petition should [have] been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

Jackson seeks to appeal the denial of his habeas claims. This Court denied Jackson's habeas Petition without prejudice because he failed to exhaust his state court remedies. Jackson began to exhaust his state court remedies by filing a Petition for Mandamus in Brown County on December 8, 2004. On February 24, 2005, the Petition for Mandamus was returned because Jackson failed to pay the filing fee. Jackson re-filed his Petition for Mandamus in Brown County on March 11, 2005. Without further exhausting his state court remedies, Jackson filed his habeas Petition in this Court on March 17, 2005. Jackson fails to make a showing that he has

4

exhausted his state court remedies. Reasonable jurists would not disagree that this Court's dismissal of Jackson's habeas Petition without prejudice for failure to exhaust state court remedies was proper. Moreover, the December 28, 2005, Text Order denied the request for a status hearing. No reasonable jurists would debate the disposition of the request for a status hearing.

THEREFORE, Jackson's Request for a Certificate of Appealability (d/e 23) is DENIED. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: February 1, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE